## Case No. 3,536.
### In re DAGGETT.
[8 N. B. R. (1873) 433.][1]

Circuit Court, E. D. Missouri.[2]

BANKRUPTCY—DEATH OF PARTNER—CONTROL OF ASSETS.

1. A., B., C. and D. were partners. C. died leaving a will, by the terms of which his interest in the co-partnership was to be continued, and appointing D. his executor. Several years thereafter D. also died, but without a will. The surviving partners declined to give the

[1] [Reprinted by permission.]
[2] [Affirming Case No. 3,535.]

bond necessary for them to retain possession of the partnership estate, and one M. gave the required bond, became the administrator according to the laws of the state, and took possession of the partnership estate. Subsequently a creditor of the firm filed a petition in bankruptcy against the firm. The district court refused to grant an order to show cause. On appeal, *held*, that the district court properly refused to grant the order to show cause, for the reason that the probate court of the state had first obtained jurisdiction and had the right to continue and also to retain possession of the partnership effects.

[Cited in Adams v. Terrell, 4 Fed. 802.]

2. Semble: The right of an individual co-partner to be thrown into bankruptcy for his individual debt would not be precluded by this decision.

[Petition to review a decision of the district court of the United States for the eastern district of Missouri, sitting in bankruptcy.]

DILLON, Circuit Judge. This is a proceeding instituted in the United States district court, upon a petition of Edward Whitaker, to put the Sectional Dock Company into bankruptcy. The dock company is a co-partnership, consisting of John D. Daggett, Mary Thomas, Sarah Morse, administratrix of estate of Thomas Morse, deceased, Ann Eliza Hartshorne, and Patrick Rogers. The record also discloses that, Mrs. Hartshorne being a married lady, her share was held by John D. Daggett, as her trustee, until recently, when Alexander J. P. Garesche was substituted for him. That Patrick Rogers died in 1870, leaving a will whereby Robert C. Rogers was appointed executor, and administration was there had of the estate. The will permitted his interest in the co-partnership to be continued. The record also shows that Robert C. Rogers died June, 1873; that no administration was had here upon the estate of Patrick Rogers, deceased, until June last, when letters, with the will, were granted by the probate court of St. Louis county to Daniel G. Taylor; that the surviving partners, declining to give the bond necessary for them to retain possession of the partnership estate, waived in writing their right to do so in favor of Mr. Taylor; that thereupon Mr. Taylor gave the required bond, took possession, and is now administering the estate according to the state law. The district judge refused the order [Case No. 3,535], and the petitioner, under the second section of the bankrupt act [of 1867 (14 Stat. 518)], appeals to this court. The case is anomalous, not only as to the questions involved, but as to the parties constituting the partnership.

There is one section in the bankrupt act which relates particularly to the bankruptcy of co-partnerships and corporations, section 36: "That where two or more persons who are partners in trade shall be adjudged bankrupt, either on the petition of such partners or of any one of them, or on the petition of any creditor of the partners, a warrant shall issue in the manner provided by this act, upon which all the joint stock and property of

the co-partnership, and also all the separate estate of each of the partners shall be taken, except such parts thereof as are hereinbefore excepted, and the creditors of the company and separate creditors of each partner shall be allowed to prove their respective rights, and the assignee shall be chosen by the creditors of the co-partners; and he shall also keep separate accounts of the joint stock or property of the co-partnership, and of the separate estate of each member thereof." Then the statute proceeds to provide for the proving up of claims, and adopts the ordinary equity rule that the firm creditor shall have the first claim on the firm assets, and the surplus is to be appropriated to the individual creditors. So, on the other hand, the individual creditor is to be paid out of the separate estate, and any surplus may be appropriated to payment of the joint debts. Now, then, this is a proceeding to throw this co-partnership in bankruptcy and the members of it, whose estate is already in course of administration in the probate court of St. Louis county under the laws of the state. Before this proceeding was instituted, the probate court of St. Louis county, under the authority of the state statute, had already appointed an administrator, and he has now actual possession of this joint estate. And the statute provides that claims against it shall be established, and that they shall be paid out of the partnership funds to the exclusion of individual debts. Now, it is manifest there cannot be two administrators on this same co-partnership property. The partnership affairs must be wound up and settled in one court or the other. There cannot be two concurrent administrations with any satisfactory result. Now, this record presented to me discloses the fact that all of the firm assets, at all events within the jurisdiction of the probate court, are actually in the custody of that court and of its officers, and in course of administration. If this co-partnership be adjudged bankrupt, the first thing to be done is to issue a warrant to seize this joint estate and wrest it from the hands of the administrator. And it is quite clear to my mind that the only way in which this proceeding can be sustained is to hold that the state statute, so far as it authorizes any administration of the estate of the co-partnership, indeed, all that portion of the state statute, is superseded or repealed by the bankrupt act. Otherwise it may be a lawful act, and the administrator appointed is lawfully in possession of the estate. And unless the assignee in bankruptcy be entitled to go there and get that estate he could not make any dividends. There is nothing in his hands to pay the co-partnership debts or to give to the creditors after they come in. The estate is somewhere else.

Now, this does not preclude the right of a creditor, if any one of these co-partners individually be liable to be thrown into bankruptcy, from doing so. Of course, this pro-

ceeding, under the state statute, would not preclude it; but, assuming its validity, when the probate court has first possession of the estate of the partnership, only precludes the bankrupt court from going in and taking possession of it. The probate court first obtained jurisdiction, and, if the statute is valid, it has the right to continue on afterward. Now, it has been urged, in arguing the question, that, although it has never been seriously contended that this court of bankruptcy should take forcible possession of the property out of the probate court, perhaps, it is said, it may be surrendered. But, at all events, that this is a step further along in the proceedings, to arise hereafter, and then to be considered, not now, and therefore that the court should have granted the order to show cause. Certainly the district court might have done so, but when it was shown on the very face of the record that that proceeding was instituted after the probate court had acted under the state statute, I think that the district judge was, in his refusal of the application, exercising a sound discretion, seeing that no end was to be gained by granting the order to show cause. I do not see any occasion for me to reverse his order in the premises. His decision is, therefore, affirmed.